CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IBEW LOCAL UNION NO. 102, et al., | : | |
| Plaintiffs, | : | Civil Action No. 08-2798 (SRC) |
| v. | : | **OPINION & ORDER** |
| VPV ELECTRIC, INC., et al., | : | |
| Defendants. | : | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court by the June 6, 2008 Order to Show Cause filed by Plaintiffs IBEW Local Union No. 102, IBEW 102 Welfare, Pension, Annuity, and Joint Apprenticeship Training Funds and their Boards of Trustees, and the IBEW Local 102 Distribution Fund as collection agent for the National Electrical Benefit Fund ("Plaintiffs") seeking a preliminary injunction ordering Defendants VPV Electric, Inc., Quality Electric & Data, Inc., DPR Electric, Inc., S.M. Electric Company, Inc., A J Giannattasio Electric, Cavit Electric, Metro Electrical Installations Company to allow Plaintiff to audit certain records and seeking attorneys' fees and costs [docket item #1, 2]. Oral argument was held by the Court on June 26, 2008 on the Order to Show Cause, and Defendant VPV Electric, Inc. ("Defendant VPV") was the only party that replied to the Order to Show Cause. Following the hearing, by Order dated July 8, 2008, the Court granted Plaintiffs' request for a preliminary injunction against Defendant VPV, allowing an audit of certain books and records for the period of January

1, 2004 through December 31, 2005, but reserved on the decision regarding attorneys' fees and costs [docket item #20].  During oral argument, the Court ordered the parties to submit short briefs on the issue of attorneys' fees and costs, and Plaintiffs and Defendant VPV submitted papers pursuant to the Court's Order [docket items #18, 19].  The Court has considered the papers filed in connection with the application for attorneys' fees and costs and decided to adjudicate the application based on the papers submitted.  For the reasons that follow, the Court grants Plaintiffs' application for an award of attorneys' fees and costs.

In addressing the application for attorneys' fees and costs, a brief overview of the arguments on the underlying audit request is required.  The collective bargaining agreement that this Court has determined by way of its July 8, 2008 Order to bind Defendant VPV requires that employers produce certain records to IBEW Local Union No. 102 on demand for purposes of administration of the Union's trust fund.  (July 8, 2008 Order; Certif. of Timothy R. Hott, Ex. 1 at 17 (June 19, 2008) [docket item #12-4].)  Defendant VPV argued that it never approved the collective bargaining agreement for the period between June 1, 2003 through May 31, 2007, and that agreement was not in effect when Defendant VPV signed a Letter of Assent on January 11, 2000.  (Aff. of Val Dimitrijevic ¶¶2-3 (June 12, 2008) [docket item #10-3].)  Despite this, the January 11, 2000 Letter of Assent contains a clause that states that "[it] shall remain in effect until terminated by the undersigned employer by giving written notice to the Northern NJ Chapter NECA, Highlands Division and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement[,]" and no assertion is made that any written or other attempt was made to revoke the agreement.  (Aff. of Stephen P. Trimboli, Esq., Ex. A (June 12, 2008) [docket item #10-2]; Certif. of Patrick Delle

Cava in Supp. of Pls.' Action to Compel Audits of Contributing Employers ¶4 (June 18, 2008) [docket item #13].)  Defendant VPV further asserts that it "is aware of no agreement . . . that binds VPV Electric to the terms of the 2003-2007 collective bargaining agreement with Local Union No. 102, or which constitutes VPV's approval of that contract."  (Aff. of Val Dimitrijevic at ¶4.)  However, Plaintiffs produced copies of seventeen reports, signed b y Defendant VPV, entitled "Monthly Payroll Report For Electrical Contractors Performing Work In the Jurisdiction of Local #102[.]"  (Certif. of Timothy R. Hott ¶¶3-4 & Attachs. (June 19, 2008) [docket item #12-3].)  The reports date from January 2004 to June 2005, the period for which Plaintiffs seek to audit for contribution compliance, and each acknowledge above the signature that "[b]y forwarding payment hereunder I acknowledge and accept my obligations under the current Collective Bargaining Agreement and the Agreements and Declarations of Trust for the employee benefit funds." (Id.)  At oral argument, VPV asserted that it did not realize that signing these Reports bound it to the collective bargaining agreement and that the payments that it made to the funds were based entirely on an oral agreement.  Notably, if the latter statement is true, payments made absent a written agreement violate 29 U.S.C. §186(a) and (b).  Finally, Defendant VPV asserted that the collective bargaining agreement applied only to the Union employees that it hired, not to the rest of its workforce.  (Supp. Aff. of Val Dimitrijevic ¶¶6-7 (June 12, 2008) [docket item #14-2].)

      The granting of reasonable attorneys' fees and costs to either party in an ERISA civil enforcement action by a fiduciary is within a court's discretion.  29 U.S.C. § 1132(g)(1); Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983).  In determining whether to award attorneys' fees, a court must weigh five factors set forth by the Third Circuit in Ursic:

> (1) the offending parties' culpability or bad faith;
> (2) the ability of the offending parties to satisfy an award of attorneys fees;
> (3) the deterrent effect of an award of attorneys' fees against the offending parties;
> (4) the benefit conferred on members of the pension plan as a whole; and
> (5) the relative merits of the parties' position.

Id.; Fields v. Thompson Printing Co., Inc., 363 F.3d 259. 275 (3d Cir. 2004).  Of note, the first Ursic factor does not require a finding that a party acted with "an ulterior motive or sinister purpose"; culpable conduct that rises above simple negligence is all that is required.  McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., Inc., 33 F.3d 253, 256-57 (3d Cir. 1994).  Further, a district court must articulate the analysis used and conclusions reached in its application of the Ursic factors.  Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999, 1110-13 (3d Cir. 1992).

As to the first Ursic factor, Defendant VPV engaged in multiple instances of culpable conduct.  See Ursic, 719 F.2d at 673; McPherson, 33 F.3d at 256-57.  Namely, culpable conduct is demonstrated by Defendant VPV's assertions that any agreement was oral and no written collective bargaining agreement existed, that any agreement that was in place applied exclusively to the union employees that Defendant VPV hired but did not provide Plaintiffs access to records involving the rest of its workforce, and that Defendant VPV was not bound by a collective bargaining agreement despite its signing monthly payroll reports for 17 months during the relevant time period that acknowledged that it was so bound.  As stated above, Plaintiffs produced documents showing that all of these contentions were groundless.  Defendant VPV therefore lacked a legitimate reason for refusing to comply with Plaintiffs' audit request.  As such, the first factor weighs heavily against the offending party.

The second Ursic factor, VPV's ability to satisfy an award of attorneys' fees, also weighs

in Plaintiffs' favor, as Val Dimitrijevic, the President of Defendant VPV stated in his Affidavit that Defendant VPV, a company that "typically employs between three and four laborers, one part-time secretary, and [him]self" earns "approximately $600,000-$700,000 in total revenues per year." (Aff. of Val Dimitrijevic ¶1, 2; see Ursic, 719 F.2d at 673.)

The third Ursic factor, whether an award of attorneys' fees against the offending parties would have a deterrent effect on others, also weighs in Plaintiffs' favor. See Ursic, 719 F.2d at 673. As identified in the Verified Complaint,

> Plaintiffs, IBEW Local Union No. 102 Welfare, Pension and Annuity Funds, each are Trusts established pursuant to Sections 302(C)(5) of the National Labor Relations Act, as amended, for the purpose of providing pension, welfare and annuity and other benefits for employees of employers covered by the provisions of a collective bargaining agreement between the IBEW Local Union No. 102 (hereinafter "Union") and such employers signed to collective bargaining agreements with said Union or by virtue of said employer having given collective bargaining authority to the Highlands Divisoin of the Northern New Jersey chapter, Inc. National Electrical Contractors Association . . . .

(Compl. ¶1.) Due to the role of the Trusts in providing "pension, welfare and annuity and other benefits for employees" through contributions by employers who hire Union members, deterring other employers from refusing to allow audits is a valid consideration. An award of attorneys' fees against the offending party would likely have such an effect.

The fourth Ursic factor, the benefit conferred on members of the pension plan as a whole, also favors Plaintiffs. See Ursic, 719 F.2d at 673. ERISA charges a fiduciary for an employee benefit plan with discharging his or her duties for the sole purpose of "providing benefits to participants and their beneficiaries[,] and [] defraying reasonable expenses of administering the plan." 29 U.S.C. 1104(a)(1)(A). As such, the cost of enforcing a collective bargaining agreement in court comes directly from funds that would otherwise be expended to provide

benefits for the plans' participants and their beneficiaries.  An award of attorneys' fees to Plaintiffs would allow the funds expended in this action to be used for providing benefits and reasonable costs of administering the plan, making an award of attorneys' fees to Plaintiffs appropriate.

The fifth and final Ursic factor, the relative merits of the parties' position, favors an award of attorneys' fees to Plaintiffs.  See Ursic, 719 F.2d at 673.  As discussed above, Defendant VPV's arguments regarding the existence of a collective bargaining agreement, the breadth of the agreement, and whether the agreement was in writing lacked merit.  Plaintiffs provided this Court with sufficient documentation to demonstrate that the written agreement existed and it applied to all of Defendant VPV's employees.  In sum, all five Ursic factors favor an award of attorneys' fees to Plaintiffs.

Plaintiffs' attorney submitted a certification to this Court that offers a detailed explanation of his fees, the time spent on this case, and the costs associated with the proceedings.  The total attorneys' fees of $8,750.00 represent 50 hours work at $175.00 an hour.  (Certif. in Supp. of Pls.' Application for an Award of Att'ys [Fees] and Costs Against Def. VPV Electric, Inc. ¶3 (July 3, 2008) [docket item #19-3]).  The only cost cited is the District Court's filing fee of $350.00.  (Id.)  As such, $9,100.00 in attorneys' fees and costs are sought by Plaintiffs.  (Id.)

Accordingly,

**IT IS** on this 22nd day of July, 2008

**ORDERED** that Plaintiffs' application for attorneys' fees and costs against Defendant VPV [docket item #2] is **GRANTED**; and it is further

**ORDERED** that Plaintiffs are awarded a judgment against Defendants in the amount of

$9,100.00, for attorneys' fees and costs;

and it is further

>**ORDERED** that this case is **CLOSED**.

>  /s Stanley R. Chesler
>  STANLEY R. CHESLER, U.S.D.J.